## COMMONWEALTH *vs.* LEVI BOSWORTH & others.

The admission, on the joint trial of several defendants, of evidence which is competent against one of them only, and immaterial as to the others, is no ground, after his acquit tal, for setting aside a verdict of guilty against the others, on a bill of exceptions which does not show that the evidence was admitted to affect them.

The refusal of a judge to instruct the jury that they ought not to convict upon the uncorroborated testimony of a witness whose reputation has been proved in the case on trial to be bad is no ground of exception.

INDICTMENT against eight persons for a riot at the house of Hosea Bosworth in Winchendon. Trial in the court of common pleas, before *Bishop*, J., who signed a bill of exceptions, of which the material part was as follows:

" The house of George P. Sherwin, one of the defendants, was shown to be about fifty rods from the house of Hosea Bosworth. Sherwin was in his own house during the time of the riot, and was not seen out of his house or near that of Hosea Bosworth until after the rioters had left, and then went to accompany Frances D. Clutterbuck who had gone to his (Sherwin's) house for assistance. Frances D. Clutterbuck was a witness for the government, and was asked to state what she said and did at Sherwin's house, and what he did there and then. This testimony was objected to by the defendants' counsel, for the reason that it was immaterial, since Sherwin was too remote to be a

participator in the riot. But the objection was overruled, and the testimony admitted. The judge instructed the jury, that unless they found upon the evidence that Sherwin was present, forming a part of the crowd, they should acquit him; and he was acquitted.

"The defendants' counsel requested the court to instruct the jury, that they ought not to convict the defendants upon the uncorroborated testimony of a witness whose reputation for truth had in this case been proved to be bad; which instruction the court declined to give. Four of the defendants were convicted and alleged exceptions."

*P. E. Aldrich*, for the defendants.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

MERRICK, J. We see no sufficient reason for the interposition of the court to prevent the rendition of judgment upon the verdict against the several defendants found guilty by the jury. None results from the fact that Clutterbuck was permitted to testify of the conversation and incidents which occurred at the interview between her and Sherwin. The particular circumstances, or position of the case, under which this evidence was offered, or by whom the objection to its admissibility was suggested and urged at the trial, are not stated or disclosed in the bill of exceptions. But if the objection was made only by Sherwin, to whom the testimony appears to have been exclusively applicable, and against whom alone it could legally have had any unfavorable bearing, it is now unimportant to consider its validity, since by reason of his acquittal he can no longer be affected by the continued prosecution of the indictment.

If, on the contrary, it was not made by him, but was interposed by the other defendants, who were convicted, and who have taken exceptions to the ruling of the court, they should not be allowed to insist upon or take advantage of it, because in reality they have no interest in the question. The testimony had apparently no tendency to establish the fact of their alleged criminality, or to lead to a determination of the issue between the parties in favor of the government. And there is nothing to be found in the report of what took place at the trial to show that the evi-

dence was introduced, or used, for any other purpose than to implicate Sherwin and procure his conviction. To that end it appears to have been considered by the court a legitimate species of proof, according to the general rule which allows the acts and declarations of a party to be given in evidence against him. Limited solely to that object, he only against whom the testimony of Clutterbuck was brought into the case had any right to complain, or to insist upon an inquiry into the regularity and propriety of its having been submitted to the jury.

When several persons jointly accused are charged in an indictment with the commission of a particular crime, and are all put to their trial upon the indictment at the same time, it will occasionally be a matter of necessity that evidence which has no legal pertinency or bearing against some of them, and to the admissibility of which, if tried separately, they might successfully object, should be laid before the jury, because, in respect to the others, it is both competent and indispensable to their conviction; and no injustice is done, nor is any party subjected to disadvantage, by this course of proceeding. It is perfectly easy to see how the evidence should be applied, and in the due administration of the law it may well be presumed to have had no more than its just and legitimate effect. Proper instructions ought undoubtedly, in all such cases, to be given to the jury in relation to the purposes for which its introduction was allowed, and how far and against whom it could legally be made available as a basis of conviction; and any deficiency in this particular might afford substantial ground of exception to the regularity and completeness of the trial; but in the present case no such complaint is preferred. See *Commonwealth* v. *Robinson,* 1 Gray, 561.

The credit to be given to the witness whose general reputation for truth had been proved to be bad was a question of fact upon all the circumstances disclosed, and not a question of law; and the court therefore properly declined to instruct the jury that they ought not to convict the defendants upon his testimony.                    *Exceptions overruled.*